### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
### KEY WEST DIVISION

RICHARD AND LISA BENNETT,

       *Plaintiffs*,

    v.

WRIGHT NATIONAL FLOOD INSURANCE
COMPANY,

       *Defendant*.

Civil Action No. _____

## COMPLAINT

1.    Richard and Lisa Bennett ("Plaintiffs") bring this action for breach of contract in accordance with the National Flood Insurance Act of 1968 ("NFIA"), 42 U.S.C. §§ 4001-4129 (2012), seeking the payment of insurance proceeds wrongly withheld by Wright National Flood Insurance Company ("Defendant").

## JURISDICTION AND VENUE

2.    The Court has jurisdiction over this action and the Defendant pursuant to 42 U.S.C. § 4072. Federal courts, like this Court, have original and exclusive subject matter jurisdiction over cases involving disputed disallowance or partial disallowance of federal flood insurance claims proceeds, regardless of the amount in controversy.

3.    The Court has personal jurisdiction over Defendant because Defendant does business in and is authorized to do business in the State of Florida and because Defendant issued a policy of flood insurance covering property that is located in this district.

4.    Venue is proper in this district pursuant to 42 U.S.C. § 4072, as Plaintiffs' insured property is located in this district.

## PARTIES

5.      For all relevant times, Plaintiffs owned a house at 1271 Long Beach Drive, Big Pine Key, FL 33043.

6.      Defendant is a private insurance company organized under the laws of the State of Texas with its principal place of business at 801 94th Avenue North, Suite 110, St. Petersburg, FL 33702.

7.      Defendant is authorized to do business in Florida and has designated Chief Financial Officer, FL Dept. of Financial Services located at 200 E. Gaines Street, Tallahassee, FL 32399-0000 as its agent for service of process.

8.      Defendant participates in the Federal Emergency Management Agency's ("FEMA") Write Your Own ("WYO") program, through which it issues National Flood Insurance Program ("NFIP") policies as FEMA's fiduciary, including the policy at issue in this suit.

9.      Pursuant to 44 C.F.R. Sections 62.23(d) and (i)(6), Defendant was and is responsible for arranging the adjustment, settlement, payment, and defense of all claims arising under the policy.

10.     Pursuant to 44 C.F.R. Section 62.23 (i)(1), Defendant was and is responsible for adjusting claims in accordance with general company standards, guided by NFIP Claims manuals.

## PLAINTIFFS' FLOOD LOSS

11.     Plaintiffs' property at 1271 Long Beach Drive, Big Pine Key, FL 33043 sustained significant flood damage as a result of Hurricane Irma in September of 2017.

12.     Defendant issued an NFIP flood insurance policy (Policy No. 09115095874204) on Plaintiffs' house ("Insurance Policy").

13.     Plaintiffs paid all premiums when due and the Insurance Policy issued by Defendant was in full force and effect at the time of the loss.

14.     The Insurance Policy insures against "direct physical loss by or from flood to [] insured property." 44 C.F.R. Pt. 61, App. A(1), Art. I (2012).[1]

15.     Plaintiffs have incurred and/or will incur significant expenses to restore the home to its pre-flood condition after the flood damage that occurred as a result of Hurricane Irma.

16.     Plaintiffs filed a claim on the Insurance Policy with Defendant, which dispatched an adjuster to estimate the loss.

17.     The adjuster prepared an estimate, but failed to abide by the terms of the Insurance Policy, the Defendant's general company claims handling standards, and/or with NFIP claims manuals.

18.     Plaintiffs submitted a sworn Proof of Loss dated September 4, 2018 to Defendant. That Proof of Loss sought payment for $121,859.31, less prior payments and the policy deductible.

19.     The amount in the submitted Proof of Loss is based on a firsthand inspection and damage assessment prepared by Plaintiffs' experts. The Proof of Loss attached supporting documentation, which included a room-by-room, line-by-line, unit cost damage estimate. Plaintiffs' experts found that the flood damage greatly exceeded the amount and scope of the Defendant's adjuster.

20.     Defendant failed to issue payment on the Plaintiffs' timely Proof of Loss.

---

[1] The terms of Plaintiffs' Insurance Policy conform to FEMA's Standard Flood Insurance Policy General Property Form, which is codified at 44 C.F.R. Part 61, Appendix A(1) (2016).

21.     Plaintiffs have filed this suit to recover the balance owed on the Proof of Loss that Defendant wrongfully denied.

## COUNT I
## BREACH OF CONTRACT

22.     Plaintiffs hereby repeat and incorporate by reference the allegations in the preceding paragraphs of this Complaint as if set forth fully herein.

23.     Plaintiffs and Defendant entered into an insurance contract when Plaintiffs purchased and Defendant issued the Insurance Policy.

24.     Plaintiffs maintained the Insurance Policy on which Plaintiffs paid premiums and that was in good standing at the time the insured property sustained a flood loss in September of 2017.

25.     Plaintiffs submitted a Proof of Loss demanding payment.  That Proof of Loss was timely and complied with all requirements of the Insurance Policy.

26.     Plaintiffs have complied with all obligations owed under the Insurance Policy.

27.     Defendant, however, has breached its contractual obligation by wrongfully denying coverage and failing to issue payment for the amount owed on this claim as documented by Plaintiffs' Proof of Loss.

28.     Defendant's improper denial has harmed Plaintiffs by denying the money to which Plaintiffs are entitled under the terms of the Insurance Policy.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A.     Enter judgment for Plaintiffs in an amount not less than the Proof of Loss minus any amounts paid by the Defendant;

B.      Award such attorneys' fees and costs as Plaintiffs may be entitled under the Equal

Access to Justice Act, 28 U.S.C. § 2412(d); and

C.      Award such other relief as the Court deems just and proper.

Dated:  October 24, 2018

Respectfully submitted,

*/s/ Chad A. Pasternack*
Meghan C. Moore
Florida Bar No. 668958
Chad A. Pasternack
Florida Bar No. 117885
Weisbrod Matteis & Copley, PLLC
110 East Broward Blvd.
Ft. Lauderdale, FL 33301
Phone:  (954) 947-8607
Fax:  (954) 315-3899
mcmoore@wmclaw.com

*Attorney for Plaintiffs*